UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANA LUI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATE OF AMERICA, et al.,<br><br>Defendants. | Case No.  25-cv-09200-SK<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO EXTEND AMENDED COMPLAINT DEADLINE AND DENYING MOTION TO PROCEED IFP ON APPEAL**<br><br>Regarding Docket Nos. 18, 20, 24 |

Before the Court is Plaintiff Juliana Lui's ("Plaintiff") application to proceed in forma pauperis ("IFP") on appeal and administrative motions to extend the amended complaint deadline. (Dkt. Nos. 18, 20, 24.)  In receipt of Judge Thompson's order denying Plaintiff's application for judicial recusal of the undersigned (Dkt. No. 23), the Court HEREBY GRANTS Plaintiff's administrative motions to extend the amended complaint deadline and DENIES Plaintiff's motion to proceed IFP on appeal.

A party who was permitted to proceed in forma pauperis in the district-court action may proceed on appeal in forma pauperis without further authorization, unless the district court— before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith and states in writing its reasons for the certification or finding.  Fed. R. App. P. 24(a)(3).  An appeal is taken in "good faith" if it seeks review of any issue that is "nonfrivolous." *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  An issue is "frivolous" if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff seeks review of the Court's order granting her amended motion to proceed IFP, denying her motion for the appointment of counsel, and dismissing her complaint with leave to amend.  (Dkt. No. 14.)  In her notice of appeal, Plaintiff states that her "IFP was granted" and the

United States District Court
Northern District of California

"District Court has yet to serve the complaint on defendants."  (Dkt. No. 19, p. 1.)  Notably, Plaintiff does not indicate which part of the Court's order she is appealing.  Therefore, the Court construes Plaintiff's appeal as seeking review of the fact that the Court did not serve the complaint on Defendants.

Pursuant to Northern District procedures, the Court does not order service of process if the Court determines that any part of a complaint must be dismissed under 28 U.S.C. § 1915(e)(2). Here, the Court dismissed Plaintiff's claims with leave to amend her Section 1983 claim.  (Dkt. No. 14.)  If the Court receives Plaintiff's amended complaint and finds the complaint is not subject to dismissal, the Court will order service of process.  If, however, the Court finds that Plaintiff's amended complaint is subject to dismissal and that any defects cannot be cured by amendment, the court will issue a Report and Recommendation to a reassigned District Judge recommending that the action be dismissed.  Because the Court granted Plaintiff leave to amend her complaint and service of process may still be issued, the Court concludes that Plaintiff's appeal is not taken in good faith.

Accordingly, the Court DENIES Plaintiff's motion to proceed IFP on appeal.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.")  Plaintiff's deadline to file an amended complaint is February 26, 2026.  If Plaintiff fails to file an amended complaint by this date, the Court will reassign this matter to a district court judge with a recommendation that the action be dismissed.

In her Amended Complaint, Plaintiff shall specify which facts support Plaintiff's remaining federal claim.  To state a claim under Section 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).  If Plaintiff states sufficient facts to allege her remaining federal claim under Section 1983, Plaintiff shall allege facts to show how any state-law claims are connected to the federal claim to support supplemental jurisdiction.

///

United States District Court
Northern District of California

The Court ADVISES Plaintiff that the district court has produced a guide for pro se litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  It is available electronically online (https://perma.cc/ANQ4-N2ZT) or in hard copy free of charge from the Clerk's Office.  The Court additionally has a website with resources for pro se litigants (https://www.cand.uscourts.gov/pro-se-litigants/).  The Court further advises Plaintiff that she also may wish to seek assistance from the Legal Help Center.  Plaintiff may call the Legal Help Center at 415-782-8982 or email fedpro@sfbar.org for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED**.

Dated: January 27, 2026



SALLIE KIM
United States Magistrate Judge